Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 16 2014, 9:01 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID W. STONE, IV**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JERRY C. JACKSON, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A05-1403-CR-106 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Angela Warner Sims, Judge
Cause No. 48C01-0803-FC-160
48C01-0805-FD-274
48C01-1307-FD-1453

**September 16, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Jerry C. Jackson, Jr. ("Jackson") appeals the Madison Circuit Court's order terminating his placement in the Madison County Drug Court program.

We affirm.

**Facts and Procedural History**

The facts relevant to this appeal began approximately six years ago, with Jackson's 2008 convictions in Madison Circuit Court for Class D felony possession of a controlled substance (cause number 48C01-0805-FD-274) and three counts of Class C felony burglary (cause number 48CO1-0803-FC-160). Pursuant to Jackson's plea agreement in those cases, Jackson was ordered to attend and complete the Madison County Drug Court program.

Jackson's participation in Drug Court was terminated on January 8, 2009 for repeated dishonesty with the court. Therefore, on March 11, 2009, Jackson was resentenced pursuant to an amended plea agreement. For his Class D felony possession of a controlled substance conviction in cause number 48C01-0805-FD-274, Jackson was ordered to serve 545 days suspended to probation. That sentence was ordered to be served consecutive to the aggregate eight-year sentence that Jackson was ordered to serve for his Class C felony burglary convictions in cause number 48CO1-0803-FC-160. The aggregate eight-year sentence was also suspended to probation.

Some fourteen months later, on May 20, 2010, the State filed notices of probation violations in both cases. Jackson admitted that he violated his probation by associating with a known felon and by submitting a urine screen that tested positive for methadone.

2

As a result of the hearing, the trial court allowed Jackson to continue to serve his sentences on probation with additional conditions.

Ten months thereafter, on March 11, 2011, the State again filed notices of probation violation in both cases. After a hearing on June 1, 2011, the trial court found that Jackson violated the conditions of his probation by failing to successfully complete substance abuse treatment. The trial court revoked Jackson's probation and ordered him to serve his previously suspended sentences in the Department of Correction. However, Jackson was referred to the Therapeutic Community in the Department of Correction, and the trial court ordered that upon graduation from the Therapeutic Community, the remainder of Jackson's sentence would be modified to a suspended sentence on formal probation.

Jackson successfully completed the Therapeutic Community program, and therefore, on October 22, 2012, the trial court modified his sentence in both cases to formal probation. Jackson was given credit for 510 days served on the eight year sentence imposed for the Class C felony burglary convictions in cause number 48CO1-0803-FC-160.

Nine months after his sentences were modified from time to be served in the Department of Correction to formal probation, on July 31, 2013, Jackson was charged with Class D felony possession of a controlled substance, Class D felony unlawful possession or use of a legend drug or precursor, Class D felony unlawful possession of a syringe, and Class A misdemeanor driving while suspended under cause number 48C01-

3

1307-FD-1453. Thereafter, the State also filed notices of probation violation in cause numbers 48C01-0805-FD-274 and 48CO1-0803-FC-160.

Jackson entered into a combined plea agreement for all three cases on September 30, 2013. First, Jackson agreed to plead guilty to Class D felony possession of a controlled substance in cause number 48C01-1307-FD-1453. The court ordered Jackson to serve 1080 days in the Department of Correction and ordered the sentence to be served consecutive to Jackson's sentences in cause numbers 48C01-0805-FD-274 and 48CO1-0803-FC-160. Jackson also admitted he violated his probation in cause numbers 48C01-0805-FD-274 and 48CO1-0803-FC-160. The trial court revoked Jackson's probation and ordered him to serve the remainder of his sentences, i.e. 2022 days, in cause number 48C01-0803-FC-160, and 545 days in cause number 48C01-0805-FD-274, in the Department of Correction.

However, the trial court stayed Jackson's sentences in all three causes pending successful completion of the Drug Court program. The court further ordered that if Jackson failed to complete the program, the stay in all three cases would be automatically lifted and Jackson would serve the remainder of his sentences in the Department of Correction. In cause numbers 48C01-0805-FD-274 and 48CO1-0803-FC-160, the trial court specifically stated that Jackson would not be returned to probation. See Appellant's App. pp. 11, 21.

Some four months after the trial court's sixth extension of leniency to Jackson, on January 31, 2014, the State filed a notice alleging that Jackson had absconded from Drug Court for more than thirty days; therefore, he was administratively terminated from the

4

Drug Court program. At the hearing held on February 20, 2014, Jackson claimed that illness and surgery on December 19, 2013, to repair a hernia prevented him from participating in Drug Court. But Jackson admitted that he failed to obtain a medical release from the program. After finding that Jackson violated the terms and conditions of the Drug Court program, the trial court lifted the stay and ordered Jackson to serve the sentences ordered in all three cases on September 30, 2013. Jackson now appeals. Additional facts will be provided as necessary.

**Discussion and Decision**

"The Drug Court program is a forensic diversion program akin to community corrections, and we will review the termination of placement in a Drug Court program as we do a revocation of placement in community corrections." Withers v. State, ---N.E.3d---, No. 48A02-1403-CR-130 (Ind. Ct. App. Aug. 26, 2014). "Both probation and community corrections programs serve as alternatives to commitment to the DOC, and both are made at the sole discretion of the trial court." McQueen v. State, 862 N.E.2d 1237, 1242 (Ind. Ct. App. 2007). A defendant is not entitled to serve a sentence in either probation or a community corrections program; rather, placement in either is a "matter of grace" and a "conditional liberty that is a favor, not a right." Id. (internal quotations omitted).

Our review of the decision to revoke a community corrections placement mirrors that for the revocation of probation. Id. "That is, a revocation of community corrections placement hearing is civil in nature, and the State need only prove the alleged violations

5

by a preponderance of the evidence."[1] Id. We consider the evidence most favorable to the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. Id. "If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of community corrections, we will affirm its decision to revoke placement." Id.

To enter the Drug Court program, a participant must plead guilty to the charged offense and entry of judgment will be stayed. Ind. Code § 33-23-16-14(a). If a participant does not successfully participate in the program or fails to successfully complete the program, the trial court shall lift the stay, enter judgment of conviction, and sentence the participant accordingly. Ind. Code § 33-23-16-14(b). A participant may be terminated from Drug Court if he has violated at least one of the conditions of the participation agreement. Ind. Code § 33-23-16-14.5.

Here, the State alleged that Jackson violated the conditions of his participation agreement by failing to appear for urine screens, failing to complete twelve-step meetings, failing to appear for treatment sessions, and failing to report for a court hearing. Appellant's App. pp. 97-98. These violations occurred in the months of October, November, and December 2013.

Jackson testified that he had pneumonia during that time period and underwent surgery to repair a hernia on December 19, 2013. He stated he contacted his case manager in mid-December to obtain a medical release, but his case manager did not

---

[1] See also Ind. Code § 33-32-16-14.5(c).

6

return his call.[2] Jackson admitted that he did not attempt to contact any other case manager or personnel of the Drug Court program, and that he failed to obtain the required medical release. Tr. pp. 53-56. Jackson also stated that the October and early November violations did not occur due to his medical conditions, but gave the court varying excuses in an attempt to explain the violations. Tr. p. 42. The Drug Court administratively terminated Jackson after concluding that he had absconded from the program by failing to remain in contact with program personnel and failing to appear for a scheduled hearing on December 30, 2013.

> The trial court acknowledged Jackson's medical issues, but stated:
>
> [Y]ou've been in the Drug Court, it's your second time . . . the court's convinced that you understand the expectations and understand what happens when people kind of go AWOL and don't communicate with Drug Court personnel, typically good things don't happen. And the court finds that, . . . there became a point in time after your surgery, after you [were] not receiving communication from [the case manager] that you continued to take no action on your own behalf to either communicate with the court, with Drug Court personnel or anyone to let them know of your situation . . . . [S]o as a result, the court does find that you did violate the terms and conditions of your Drug Court program[.]

Tr. pp. 61-62.

We agree with the trial court. Jackson's medical issues do not excuse his noncompliance with the conditions of participation in the Drug Court program. Despite acknowledging that he should have done so, Jackson did not obtain a medical release, and he failed to remain in communication with Drug Court personnel. Given his history with

---

[2] Jackson's case manager was no longer employed by the Drug Court after December 2013.

Drug Court and probation, Jackson was well aware that his non-compliance could result in his termination from the program.

Jackson also argues that the trial court abused its discretion when it ordered him to serve the entirety of his sentences in the Department of Correction. As we stated above, Drug Court is a forensic diversion program akin to community corrections and probation; therefore, we will review a trial court's sentencing decisions for Drug Court violations for an abuse of discretion. See Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." Id.

After Jackson was terminated from Drug Court, it was within the trial court's discretion to order all or part of his sentences to be executed. See Ind. Code § 33-32-16-15. Yet, Jackson argues the trial court abused its discretion when it ordered him to serve the entirety of his sentences in the three cases because his violation was not severe, but was simply a failure to communicate with the Drug Court.

By our count, Jackson was given at least six different chances to avoid serving his sentences in these three cases in the Department of Correction. He was dismissed from the Drug Court program in the first two cases for dishonesty. He was then ordered to serve his 545 day and eight-year sentences on probation. He violated that probation, but was given another chance at probation with additional conditions. Jackson violated probation again by failing to complete substance abuse treatment. The trial court revoked Jackson's probation and ordered him to serve his previous suspended sentences in the Department of Correction. But the trial court referred Jackson to the Therapeutic

8

Community and ordered that upon his graduation, the remainder of Jackson's sentence would be modified to a suspended sentence on formal probation. Jackson completed the Therapeutic Community program, and the trial court modified his sentence in both cases to formal probation. Once again, Jackson violated probation by committing the crime in the third case, which resulted in his conviction for Class D felony possession of a controlled substance. Despite Jackson's failure to complete Drug Court or probation successfully, the trial court gave him a second chance at Drug Court.

Jackson has continually demonstrated his lack of interest in compliance with his conditions of probation and/or his participation agreement in the Drug Court program. The trial court was sympathetic to Jackson's medical issues, but could not excuse his lack of communication with Drug Court, an essential condition of participation. Moreover, when the court ordered Jackson's sentences in the three cases stayed pending successful completion of the Drug Court program, the court notified Jackson that if he was terminated from the program, he would serve his sentences in the Department of Correction. See Appellant's App. pp. 11, 21, 27.

For all of these reasons, we conclude that the trial court did not abuse its discretion when it terminated Jackson's placement in the Drug Court program and when it ordered him to serve the remainder of his sentences, i.e. 2022 days, in cause number 48C01-0803-FC-160, 545 days in cause number 48C01-0805-FD-274, and the remaining 945 days[3] in cause number 48C01-1307-FD-1453.

---

[3] As we noted in the facts section, Jackson was ordered to serve 1080 days in cause number 48C01-1307-FD-1453, but he received credit against that sentence for time served between the date he was charged

Affirmed.

RILEY, J., and CRONE, J., concur.

---

and sentencing and between the date he was arrested after he was administratively terminated from the Drug Court program and the hearing held on that termination.